| | |
|---|---|
| JOHN W. SPIEGEL (SBN: 78935)<br>ANJAN CHOUDHURY (SBN: 236039)<br>C. HUNTER HAYES (SBN: 295085)<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue<br>50th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702 | DAVIDA P. BROOK (SBN: 275370)<br>VINEET BHATIA (pro hac vice admission forthcoming)<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150 |
| MARC WOLINSKY (pro hac vice admission forthcoming)<br>Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Fax: (212) 403-2000 | Attorneys for Defendant<br>GREGORY BLATT |

Attorneys for Defendants
IAC/INTERACTIVECORP and
MATCH GROUP. INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROSETTE PAMBAKIAN,<br><br>            Plaintiff,<br><br>      vs.<br><br>GREGORY BLATT,<br>IAC/INTERACTIVECORP and<br>MATCH GROUP, INC.,<br><br>            Defendants. | Case No.  19-7053<br><br>**NOTICE OF REMOVAL**<br><br>**(28 U.S.C. §§ 1332, 1441(B) AND 1446)**<br><br>**(Removed from the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV27416)**<br><br>Action Filed:  August 5. 2019 |

NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Gregory Blatt, IAC/InterActiveCorp ("IAC") and Match Group, Inc. ("Match") (collectively, "Defendants") remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, because Plaintiff is a citizen of California, Defendants are citizens of states other than California, and the amount in controversy exceeds $75,000.  In support of this Notice of Removal, Defendants respectfully state as follows:

1. Defendants have been named as defendants in a civil action brought in the Superior Court of the State of California for the County of Los Angeles on August 5, 2019, entitled *Rosette Pambakian v. Gregory Blatt, IAC/InterActive Corp. and Match Group, Inc.*, Case No. 19STVC27416 (hereinafter the "*Pambakian* suit").[1]

2. On August 7, 2019, Defendants IAC and Match received via personal service the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Standing Order and Amended Standing Order re: Personal Injury Procedures, Alternative Dispute Resolution (ADR) Information Package, First Amended General Order, and Notice of Case Assignment.  A true and correct copy of the materials in the form they were served on Defendant IAC is attached as Exhibit A, and a true and correct copy of the materials in the form they were served on Defendant Match is attached as Exhibit B.

---

[1] The Complaint incorrectly states the name of Defendant IAC/InterActiveCorp as IAC/InterActive Corp.

These exhibits comprise copies of all process, pleadings, and orders received by Defendants in the *Pambakian* suit.[2]

3. Plaintiff's Complaint alleges eight causes of action: (1) Negligence; (2) Intentional Infliction of Emotional Distress; (3) Sexual Battery; (4) Gender Violence; (5) Freedom from Violence Pursuant to the Ralph Act; (6) Negligent Misrepresentation; (7) Wrongful Termination in Violation of Public Policy; and (8) Retaliation for Engaging in Protected Activity.

4. Defendants do not concede, and in fact strenuously deny, that Plaintiff can or will establish any liability under any of her legal theories. Furthermore, Defendants do not waive their right to assert any and all applicable defenses in this matter, including Defendants' right to arbitrate all claims set forth in Plaintiff's Complaint, pursuant to the parties' Mutual Agreement to Arbitrate. The analysis that follows simply shows that, taking Plaintiff's allegations as true, removal is proper and this Court possesses original jurisdiction over this action.

## THE REQUIREMENTS FOR REMOVAL
## UNDER DIVERSITY JURISDICTION ARE SATISFIED

5. This Court has original jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b), because the instant action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. *Diversity of Citizenship.* Plaintiff resides in Los Angeles, California, Compl. ¶ 6, and is a citizen of the State of California. *See*, *e.g.*, *Horowitz v. Fed. Kemper Life Assurance Co.*, 861 F. Supp. 1252, 1256 (E.D. Pa. 1994), *modified on other grounds*, 57 F.3d 300 (3d Cir. 1995) (holding "[a]llegations of a party's

---

[2] As of the time of filing of this Notice of Removal, Defendant Blatt has not been served.

residence are prima facie evidence of that party's citizenship" for diversity purposes and establish a rebuttable presumption of citizenship).

7. Defendant Gregory Blatt resides in San Miguel County, Colorado, where he presently intends to remain. Before residing in Colorado, Blatt resided in New York. He has never maintained a permanent residence in the State of California. He is a citizen of the State of Colorado. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8. Defendant IAC is a corporation organized under the laws of the State of Delaware. It maintains its principal place of business in New York, New York. Compl. ¶ 9. A corporation "is deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Based on the foregoing, IAC is a citizen of the States of Delaware and New York.

9. Defendant Match is a corporation organized under the laws of the State of Delaware. It maintains its principal place of business in Dallas, Texas. Compl. ¶ 10. Based on the foregoing, Match is a citizen of the States of Delaware and Texas. 28 U.S.C. § 1332(c)(1).[3]

10. Because Plaintiff and Defendants, respectively, are citizens of different states—California, on the one hand, and Delaware, Texas, and Colorado, on the other—there exists complete diversity of citizenship between Plaintiff and Defendants.

11. *Amount in Controversy*. Because the Complaint does not plead a specific amount of damages sought by Plaintiff, Defendants, as removing parties,

---

[3] Plaintiff alleges that she was an employee of Tinder, Inc., Compl. ¶ 13, and that "Match Group merged Tinder into itself," *id.* ¶ 7. At the time of her termination, Plaintiff was an employee of non-party Match Group, LLC. Match Group, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Dallas, Texas. Its sole member is Defendant Match Group, Inc.

must make plausible allegations that it is more likely than not that the amount in controversy exceeds $75,000.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 n.8, 686 (9th Cir. 2006).

12.   For the purposes of evaluating the amount in controversy, courts must take the allegations in the complaint as true.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The removing parties' "burden is not daunting, as courts recognize that under this standard, a removing defendant is *not* obligated to research, state, and prove" a plaintiff's claim for damages.  *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted) (emphasis in original); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").[4]

13.   Here, the Complaint alleges compensatory, exemplary and punitive damages, and damages for "extreme mental, physical, [sic] and pain and suffering in the future."  Compl. ¶¶ 86, 92, and Prayer.

14.   Plaintiff claims that, as a result of Defendants' actions, she "was forced to surrender millions of dollars in equity granted to her as compensation for her work as an executive at Tinder."  Compl. ¶ 64.  This allegation alone far exceeds the $75,000 jurisdictional limit.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-

---

[4] Defendants assert that they have a good faith basis for the allegations contained herein in support of the Court's removal jurisdiction.  These allegations "should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee*, 135 S. Ct. at 553.  Defendants expressly reserve the right to present additional evidence in support of these allegations in the event Plaintiff or the Court questions the propriety of this Court's jurisdiction.

judgment-type evidence relevant to the amount in controversy.")

15. In addition, Plaintiff's claimed compensatory damages include past and future medical expenses, lost earnings and other employment benefits, and other prospective damages. Compl. ¶¶ 93, 123, 129, and Prayer. At the time of her separation of employment, Plaintiff gross earnings were in excess of $150,000 per year.[5] She was further entitled to valuable employee benefits, including health benefits. Her employment ended on or around December 18, 2018, approximately eight months before she filed her Complaint. Compl. ¶ 63. In no way conceding the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in any amount whatsoever, Plaintiff's potential damages for lost earnings, based on approximately eight months of lost salary and benefits, are in excess of $100,000 as of the date of this filing.

16. The amount-in-controversy requirement also "may be satisfied by claims of . . . attorney's fees (if authorized by statute or contract)." *Fletcher v. Toro Co.*, No. 08-CV-2275 DMS WMC, 2009 WL 8405058, at *3 (S.D. Cal. Feb. 3, 2009) (citing *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005)); *Galt G/S v. Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (removal was proper based on demand for attorneys' fees; "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). Plaintiff seeks attorneys' fees related to her Fourth Claim under Cal. Civ. Code § 52.4 and her Fifth Claim under Cal. Civ. Code § 51.7. Compl. ¶¶ 106, 111 and Prayer. Attorney's fees are available under the Civil Code for both claims. *See* Cal. Civ. Code § 52, 52.4(a). Attorney's fees are also available for claims brought under the Fair Employment and Housing Act ("FEHA"), under which

---

[5] Out of respect for Plaintiff's privacy, Defendants do not include her exact rate of compensation. Defendants reserve the right to present appropriate evidence regarding Plaintiff's damages claims in the event this Court's exercise of jurisdiction is questioned.

Plaintiff brings her Eighth Claim.  *See* Compl. ¶¶ 128 and Prayer; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034–35 (N.D. Cal. 2002).

17.   In addition, Plaintiff's claim for intentional infliction of emotional distress, seeking damages based on alleged "outrageous" conduct causing Plaintiff "extreme mental . . . suffering," places at least $75,000 into controversy.  Compl. ¶¶ 89, 92; *see Mutti v. Rite Aid Corp.*, 2014 WL 12771117, at *5 (C.D. Cal. Apr. 22, 2014) ("on employment claims, damages for emotional distress alone can exceed $75,000").

18.   Furthermore, Plaintiff has sought an award of punitive damages for actions she alleges Defendants took "with malice, oppression, fraud, and/or willful and conscious disregard of [her] rights."  Compl. ¶¶ 131 and Prayer.  The amount in controversy may include punitive damages when they are recoverable under applicable law.  *Simmons*, 209 F. Supp. 2d at 1033.  The Ninth Circuit has affirmed awards of punitive damages well over $75,000 in employment matters involving allegations like those of the instant matter.  *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1045 (9th Cir. 2003) (jury verdict against corporation and executive based in part on retaliation and unlawful termination).  Plaintiff's prayer for punitive damages, by itself, places over $75,000 in controversy.

19.   In sum, Plaintiff's claims for economic damages, emotional distress damages, and punitive damages each *separately* exceed the $75,000 amount in controversy requirement.  Together with her other claims, including her prayer for attorney's fees, the Complaint places far greater than $75,000 into controversy.

## OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

20.   This Notice is timely filed under 28 U.S.C. §1446(b) because it is being filed within thirty (30) days of the date of August 7, 2019, the date on which Plaintiff served Defendants IAC and Match with the Complaint and Summons.  *See*

Ex. A, Summons. Defendants' Notice of Removal therefore falls within the thirty (30) day time period to remove under 28 U.S.C. § 1446(b).

21. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California embraces the County of Los Angeles, where Plaintiff initiated this action.

22. Defendants have complied with 28 U.S.C. § 1446(a) and (d). Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, or orders on file in the state court or served on Defendants are attached as Exhibits A and B to this Notice. In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV27416. Defendants will serve a Notice of Filing of Removal, with a copy of the Notice of Removal attached, on Plaintiff's counsel. A Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court will also be filed with this Court.

23. All named Defendants have joined this notice of removal. 28 U.S.C. § 1446(b)(2)(A).

24. Defendants are represented by the undersigned counsel who certify, under Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

25. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief, evidence, and oral argument in support of their position that this case has been timely and properly removed to the United States District Court for the Central District of California.

## **CONCLUSION**

For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1332. Defendants hereby remove Plaintiff's state court action to this Court. By this Notice, Defendants do not waive any objections or defenses to suit they may

have, including but not limited to Defendants' right to compel arbitration of the claims stated in Plaintiff's Complaint.

DATED: August 13, 2019

MUNGER, TOLLES & OLSON LLP
   JOHN W. SPIEGEL
   ANJAN CHOUDHURY
   C. HUNTER HAYES

WACHTELL, LIPTON, ROSEN & KATZ
   MARC WOLINSKY

By: */s/ John W. Spiegel*
   JOHN W. SPIEGEL

Attorneys for Defendants
IAC/INTERACTIVECORP and MATCH GROUP, INC.

DATED: August 13, 2019

SUSMAN GODFREY LLP
   DAVIDA P. BROOK
   VINEET BHATIA

By: */s/ Davida P. Brook*
   DAVIDA P. BROOK

Attorneys for Defendant
GREGORY BLATT

**FILER'S ATTESTATION**

I, John W. Spiegel, am the ECF user whose identification and password are being used to file this Notice of Removal. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the other above-named signatory concurs in this filing.

DATED: August 13, 2019

*/s/ John W. Spiegel*
JOHN W. SPIEGEL