M. Elizabeth Graham (SBN 143085)
**GRANT & EISENHOFER P.A.**
Kimberly A. Evans (*pro hac vice pending*)
Paige Alderson (admitted *pro hac vice*)
One Market Street
Spear Tower, 36th Floor
San Francisco, California 94105
Tel: 415-293-8210
Fax: 415-789-4367
egraham@gelaw.com
kevans@gelaw.com
palderson@gelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROSETTE PAMBAKIAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GREGORY BLATT,<br>IAC/INTERACTIVECORP and<br>MATCH GROUP, INC.,<br><br>　　　　　　Defendants. | CASE NO. 2:19-cv-07053<br><br>**DECLARATION OF M. ELIZABETH GRAHAM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY LITIGATION**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Ctrm: 5A<br>Date: November 4, 2019<br>Time: 10:00 a.m. |

I, M. Elizabeth Graham declare as follows:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney at the law firm of Grant & Eisenhofer P.A. and counsel of record for Plaintiff in the above-captioned matter.

2. I submit this declaration in support of the Opposition to Defendants' Motion to Compel Arbitration and Dismiss or Stay Litigation (the "Opposition").

3. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would competently testify hereto.

4. On August 5, 2019, Plaintiff filed suit against Defendants Gregory Blatt, IAC/Interactivecorp, and Match Group, Inc. in the Superior Court of California, Los Angeles County. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

5. On August 13, 2019, Defendants Blatt, IAC, and Match collectively filed a Notice of Removal in the U.S. District Court for the Central District of California – Western Division to have Plaintiff's action removed to this Court. A true and correct copy of the Notice of Removal is attached hereto as Exhibit 2.

6. On August 13, 2019, the same day Defendants filed their Notice of Removal in the Central District of California, Defendant Blatt filed an action in the U.S. District Court for the Central District of California against Plaintiff and Sean Rad, alleging claims of defamation and conspiracy, seeking various forms of relief from the Court, including purported damages in excess of $50 million (the "Defamation Complaint"). A true and correct copy of Blatt's Defamation Complaint is attached hereto as Exhibit 3.

7. On August 15, 2019, two days after Defendant Blatt filed his Defamation Complaint in the Central District of California, Defendants Blatt, IAC, and Match collectively submitted a Demand for Arbitration against Plaintiff to the American Arbitration Association ("AAA"). *See* Hayes Decl., Exh. 1. Defendants did not contact Plaintiff prior to submitting the Demand for Arbitration, nor did the

parties meet-and-confer in any way concerning Defendants' Demand or an appropriate alternative dispute resolution ("ADR") provider, as required by the arbitration agreement that Defendants attempt to enforce.

8. On August 19, 2019, Defendants' counsel contacted Plaintiff's counsel to set up a meet-and-confer teleconference concerning Defendants' planned Motion to Compel Arbitration in this action (the "Motion"). A true and correct copy of Defendants' email is attached hereto as Exhibit 4.

9. On August 20, 2019, I received a letter from Daphne Crayne at AAA, addressed to all parties, regarding the administration of the arbitration in this action. *See* Hayes Decl., Ex. 3. My receipt of this letter was the first time that Plaintiff was made aware of the fact that Defendants had submitted a Demand for Arbitration of Plaintiff's claims. At no point prior to receipt of this letter did the parties meet and confer concerning arbitration or any potential ADR provider in connection therewith.

10. On August 29, 2019, I sent a letter to Ms. Crayne at AAA on behalf of Plaintiff requesting a 90-day stay in answering Defendants' Demand for Arbitration and selecting an arbitrator, in order to allow the parties to resolve the issue of whether or not arbitration before AAA, or any ADR provider, was appropriate in this matter. The letter also informed Ms. Crayne that Defendants had filed the Motion the day before, on August 28, and that the Motion needed to be ruled on before any arbitration proceeding could move forward. The letter further informed Ms. Crayne that Plaintiff disputes whether the AAA is the proper ADR provider under the terms of the arbitration agreement Defendants attempt to enforce. A true and correct copy of this letter is attached hereto as Exhibit 5.

11. On September 4, 2019, the parties received a letter from Ms. Crayne at AAA stating that the AAA had made an administrative determination that the Defendants had met the filing requirements by filing the Demand, and, absent agreement by the parties or court order, the AAA would be proceeding with the

administration of the arbitration. A true and correct copy of this letter is attached hereto as Exhibit 6.

12. Later that day, Ms. Crayne emailed the parties agreeing to stay the administration of the arbitration for 60-days during the pendency of the Motion. *See* Alderson Decl., Ex. 2.

13. Attached as Exhibit 7 is a true and correct copy of Tinder's Terms of Use, which was obtained on September 23, 2019 from Tinder's website, https://www.gotinder.com/terms/us-2018-05-09.

14. Attached as Exhibit 8 is a true and correct copy of the AAA Employment Arbitration Rules and Mediation Procedures.

15. Attached as Exhibit 9 is a true and correct copy of the complaint filed by Elizabeth Sanfilippo, *Sanfilippo v. Tinder, Inc. et al.,* Case No: BC718649 in Superior Court of California in and for Los Angeles on August 20, 2018.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on September 25, 2019 in San Francisco, California.

_____
M. Elizabeth Graham (SBN 143085)